## DORAN v. FLOOD et al.

*(Circuit Court, S. D. New York. September 4, 1891.)*

**DEATH BY WRONGFUL ACT—PARTIES.**

Defendants W. & V., having contracted to build a house for the owners, procured defendant F., at a particularly small price, to haul piles for the building. F., who had no trucks for the purpose, dragged the piles along the street, in violation of a city ordinance, and by reason thereof killed plaintiff's intestate. *Held* that, in an action against F., the contractors, and the owners, a verdict should be directed for the owners, and the question of the liability of W. & V. should be left to the jury.

At Law.

*Herman H. Shook,* for plaintiff.

*Ernest Hall,* for Walls & Van Riper.

WHEELER, J. The defendants Walls & Van Riper agreed to erect a building for the defendants Glass & Glass on Bloomfield street, in New York, for which they got piles at North river, which were to be hauled about 200 feet along Thirteenth avenue into Bloomfield street. An ordinance of the city prohibited dragging timber on the surface of streets. Walls & Van Riper procured the defendant Flood, who had no trucks or teams for the purpose, to haul them for 25 cents each, without providing at all as to the manner of hauling. He took the job for his brother, who had a team and driver that dragged them on the surface of the streets. The plaintiff's intestate, a boy between four and five years old, was about crossing Bloomfield street, as the team with two piles came along Thirteenth avenue, and turned into that street. The driver paid no attention to the child, who was caught under the logs turning the

corner, dragged along by them, and injured so that he soon died. This suit is brought for that injury. A verdict was directed for all but Flood, and found against him. The plaintiff has moved to set aside the verdict for the defendants, and the motion has been heard.

The verdict for the defendants Glass & Glass appears to be clearly right. They had nothing to do about procuring the piles. Walls & Van Riper got them where and as they pleased. The question is different as to them. The ordinance had the force of a statute, and created a prohibition for the safety of the public, as well as for the preservation of the streets. *Chicago* v. *Robbins*, 2 Black, 418; *Robbins* v. *Chicago*, 4 Wall. 657; *Hayes* v. *Railroad Co.*, 111 U. S. 228, 4 Sup. Ct. Rep. 369. Those who have work, dangerous in itself, and requiring particular care, done, cannot shield themselves by letting it out to others without providing for the necessary care. If these defendants had contracted for dragging these logs along the streets as they were dragged, and so dragging them caused the injury, they would, without doubt, be liable. Letting the hauling for that distance at that price, to a person not a common carrier, who had no trucks or connection with facilities for doing it otherwise than by dragging, would have some tendency towards showing that the understanding with the defendants was that it was to be done by dragging, as it was done. The jury might have found that moving such logs in such streets was dangerous in itself; and the circumstances of the injury tended to show that dragging the logs instead of trucking them caused it. Whether those who procure that to be done which may be done either in one way that is lawful, or in another way that is unlawful, are liable for the consequences of doing it in the unlawful way, if they do not provide for having it done in the lawful manner, need not be decided now. The questions as to what the understanding as to the manner of hauling was, and as to the dangerous character of the work in itself, should, with others involved, as the subject is now viewed, have been submitted to the jury. Motion granted as against Walls & Van Riper.