# CHARLESTON.

STEPHONA POLLOCK V. WHEELING TRACTION COMPANY.

Submitted April 8, 1919.    Decided April 15, 1919.

1. MUNICIPAL CORPORATIONS—*Legislative Powers—Failure to Exercise Permissive Powers—Liability.*

   Where the powers given a municipality or other public authority by legislative action are permissive only and the law imposes no positive duty or obligation to exercise those rights, neither such public body nor one to whom by contract or ordinance such right or power may be delegated can be rendered liable to a third person for damages resulting from the failure to perform the contract or exercise the power granted.    (p. 770).

2. SAME—*Legislative Powers—Failure to Repair Streets or Roads—Liability.*

   But where the duty to exercise such power by a municipality or delegated authority is imposed by some positive law or ordinance in the interest of the public or some particular class of persons, as that of keeping public streets or roads in repair, such public authority or delegated person or corporation is liable in damages to anyone injured by a breach of the duty and obligation so imposed independently of the contract between the immediate parties thereto.    (p. 771).

3. STREET RAILROADS—*Use of Street—Ordinance—Breach of Condition—Liability for Personal Injury.*

   An ordinance of a county court or other municipality, made by legislative authority, granting on conditions to a railroad com-

pany the use of a public road or street, has the force of positive law, and for the breach of the conditions of the grant a railway company accepting and using the franchise may be rendered liable to any person injured by non-performance of the conditions and obligations so imposed.  (p. 772).

4.  MUNICIPAL CORPORATIONS—*Street Railroads—Streets—Failure to Repair—Liability—Out of Repair.*

If a guard rail or other barrier is reasonably necessary to protect persons traveling over public streets or roads in the ordinary way and with due care on their part, it is the duty of the public authority in charge thereof and of the person or corporation upon whom the duty has been imposed by contract or ordinance to build and maintain such barrier, otherwise such road or street will be deemed out of repair within the meaning of the statute, and the public or delegated body may be rendered liable to anyone injured by the breach of its duty imposed by law.  (p. 774).

Error to Circuit Court, Marshall County.

Action by Stephona Pollock against the Wheeling Traction Company.  Verdict and judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Erskine, Palmer & Curl,* for plaintiff in error.
*Martin Brown* and *D. B. Evans,* for defendant in error.

MILLER, PRESIDENT:

Defendant was sued by plaintiff in March, 1917, for personal injuries sustained by being precipitated over a high embankment at a place called the "Narrows," on the public road in Marshall County, while a passenger in an automobile then owned and driven by one Daugherty.  There was a verdict and to the judgment thereon for plaintiff for $10,000.00 defendant sued out the present writ of error.

The basis of plaintiff's action, rather laboriously and with great redundancy of words pleaded in the two counts of the declaration, is alleged breach of duty of the defendant company prescribed by its contract and the ordinance of the county court of said county ordained on the 20th day of October, 1893, whereby among other rights there was granted to the Benwood and Southern Street Railway Company, a corporation, the predecessor of the defendant company, the

right to lay its tracks and run its cars over the county road and through what is known as the "Narrows," upon the condition among others that said railway company should lay its rails level with the roadbed and ballast the tracks so as not to interfere with the crossing of vehicles over it, and should "remove all slips that may come upon said road, and keep the side drain on said road clear, and shall build and maintain a substantial fence or guard of two rails of such height as may meet the views of said County Court, on the west side of said railway from the Glendale Coal Works up through and to the north end of said Narrows." It is conceded that defendant succeeded to the rights of the original company and was burdened with all the duties and obligations imposed upon it by the contract and ordinance aforesaid.

The declaration alleges violations and breaches by defendant of these provisions of the contract and order of the county court, and that by reason thereof plaintiff on the 31st day of November, 1916, while a passenger in said automobile as alleged, was thrown over the bank at a point on said road through said Narrows where a slip or slips of stone and dirt had been allowed to accumulate and obstruct the road and to dam up the water causing it to freeze and the road to become slick and dangerous to travel, and where no fence or barrier had been erected as required by said order of the county court.

The only substantial defense interposed was that the contract with and ordinance of the county court gave plaintiff no right of action against defendant for her alleged injuries; that the rights pertaining to said contract and franchise were contractual; and that only the immediate parties thereto could maintain any action thereon for breaches of its provisions. The law is well settled that where such contracts relate to subjects over which such municipal or fiscal bodies are given permissive rights but which the legislature has not imposed a positive duty to exercise, neither the municipality nor the person or corporation to whom such power has been delegated by contract or ordinance is rendered liable to third persons for damages resulting from the omission of the municipality or the one to whom the right has been delegated

to exercise the power in an efficient or particular way. The application of these principles is well illustrated in our cases of *Nichol* v. *Huntington Water Co.,* 53 W. Va. 348; *Bluefield Water Works & Improvement Co.* v. *City of Bluefield,* 69 W. Va. 1; and also in the case of *German Alliance Insura: ce Co.* v. *Home Water Supply Company,* 174 Fed. 764.

But with respect to public roads the statute, sec. 53, ch. 43. ' ode of 1891, in force at the time of the contract and order of the county court, as well as the statute existing at the time of the injuries complained of, sec. 56a(49), ch. 43, Barnes' Code 1916, imposes an absolute obligation upon the county courts to maintain the roads in a reasonably safe condition and renders it absolutely liable to any person injured by reason of such road being out of repair. Section 56a(37), ch. 43, Barnes' Code 1916, among other things makes it a misdemeanor punishable by fine for any person to obstruct any public road by placing or leaving therein any earth, ashes, stone or other obstruction to the travel and use of such road, and section 56a(44), ch. 43 of said Code renders every member of the court guilty of a misdemeanor for wilfully failing and refusing to perform any duty required of such court by the provisions of said chapter. The statute, sec. 9, ch. 43, Code 1891, enacted pursuant to sec. 24, art. 8 of the Constitution, relating to the jurisdiction and powers of county courts, gave such courts the supervision and administration of the internal police and fiscal affairs of the counties *including the establishment and regulation of roads, ways, bridges, public landings* etc. And given this power railroads authorized by sub-section 6 of section 50, ch. 54, Code 1891, as well as by the present statute, to use the public roads as prescribed thereby, are permitted to do so only upon first obtaining the consent of the lawful authorities, in the case of roads outside of cities and towns, of the county courts. With such powers and limitations on the county court and the authority of the railway company, what was the effect of the terms, provisions and conditions of the order of the county court granting the franchise under which the defendant company entered and occupied the public road where the plaintiff sustained her injuries?

We find numerous adjudged cases supporting the proposition that the provisions of all ordinances granting to railroad companies the right to use public roads or streets and imposing upon the grantee duties and obligations, are legislative in character and have the force of positive law, giving to anyone injured by breach of the requirement of such law as well as to the public authority enacting it right of action directly against the offender. In *Hayes* v. *Mich. Cent. Railroad Co.*, 111 U. S. 228, that court holds that the exercise of such a right of a municipality is not a mere contract, but is the exercise of the right of municipal legislation, and has the force of law within the limits of the municipality. The distinction between those cases where the action is predicated on the contract alone and those where independently of the contract the duty breached is one imposed by law, is clearly stated in the case of *Styles* v. *Long Co.*, 67 N. J. L. 413; *Id.* 70 N. J. L. 301. To the same effect we find the cases of *Appleby* v. *State*, 45 N. J. L. 161, and *Weller* v. *McCormick*, 52 N. J. L. 470.

In *City of Brooklyn* v. *Brooklyn City Railroad Company*, 47 N. Y. 475, it was further decided that where one contracts with a municipal corporation to keep any portion of the streets in repair in consideration of a license to use them to his benefit in an especial manner, he in effect contracts to perform that duty to the public in the place and instead of the municipality, which by the acceptance of its charter was imposed upon it, i. e. to keep its way in repair, and that the contractor is liable for any damages which naturally and proximately fall upon the corporation in consequence of the neglect of such duty.

In *Pittsburgh C. & St. L. Ry. Co.* v. *Hood,* 94 Fed. Rep. 618, 624, it is said with citation of numerous decisions: "In so far as the ordinance granted the right of franchise to construct and operate a railway upon this public ground, it became, when accepted, a contract; but the provision by which the use of the track was prohibited during the daytime was in its nature and effect a municipal or police regulation operating in the interest of public safety. *McDonald* v. *Railway Co.*, 43 U. S. App. 79, 20 C. C. A. 322, and 74

Fed. 104; *Hayes* v. *Railroad Co.*, 111 U. S. 228, 4 Sup. Ct.
369; *Joy* v. *City of St. Louis*, 138 U. S. 42, 11 Sup. Ct. 243.
This police provision having been enacted pursuant to clear
legislative authority, the fact that it is found in an ordinance
which also contains contract provisions does not change the
result or affect the essential character of the power exer-
cised; and this police provision, being thus specifically au-
thorized and duly enacted, unquestionably has, within the
corporate limits, the force of a law enacted by the legislature
of the state. *Hayes* v. *Railroad Co.*, 111 U. S. 228, 4 Sup.
Ct. 369; *Robbins* v. *City of Chicago*, 4 Wall. 657; *City of
Chicago* v. *Robbins*, 2 Black, 418; *Doran* v. *Flood*, 47 Fed.
543; *McDonald* v. *Railway Co.*, 43 U. S. App. 79, 20 C. C.
A. 322, and 74 Fed. 104; 1 Dill. Mun. Corp. (4th Ed.) §§308,
393. It results from this view that the operation of the rail-
road by plaintiff in error during the daytime, contrary to
the provisions of the ordinance was a violation of law, and
constituted a nuisance."

If we are correct then in holding the duty of the defend-
ant with respect to the use of the road and its obligation to
remove slips and to build the barrier or fence, was not only
contractual but was imposed by law, the plaintiff being one
for whose benefit the contract and ordinance was made, has
the right to maintain her action unless there was no duty of
the county court in the particular instance to build and
maintain the fence and barrier, as is contended in behalf of
defendant, or the neglect of defendant in the particulars
alleged was not the proximate cause of the plaintiff's
injuries.

As we have observed the absolute liability of the county
court to one injured, imposed by statute, is predicated on
the fact of the road being "out of repair." In *Whittington*
v. *Jefferson County Court*, 79 W. Va. 1, we said that the
words "out of repair" employed in the statute ought to be
given a reasonable interpretation, and that they had been
held to include obstructions in the road, failure to maintain
guard rails along a walled approach to a bridge, as well as
defects on the surface of the roadbed, and that reasonably
construed they mean the same thing as "not being in a rea-

sonably safe condition for travel in the ordinary modes by day or by night.'' In *County Court of Wetzel County* v. *Balto. & Ohio R. R. Co.*, 77 W. Va. 538, a suit by the county to require the defendant to restore a public road appropriated by it, we decided, in view of the circumstances and facts, that the new road built by the railroad company as a substitute for the old over or along and close to a high embankment reasonably called for a guard or barrier along the side thereof next to the precipice as a part of the work of restoration or construction.

Respecting the requirement of the order to build the fence or barrier the parties for themselves determined that to make the road through the Narrows reasonably safe and not thereafter to be deemed ''out of repair'' within the meaning of the statute, a fence or barrier was necessary, wherefore the requirement of the license to use the road. That this judgment was entirely correct has been well exemplified by the facts and circumstances of the plaintiff's injuries as well as other facts established by the evidence. All the witnesses agreed that the road through the Narrows was a very dangerous way; that it was built on a steep hill or mountain side, subject to slips in wet or freezing weather; was but seventeen feet wide from the hill side to the west embankment of the road, about seven feet of which was occupied by the defendant with its tracks; that the road on the side occupied by defendant was supported by a high retaining wall, from which the hill dropped down precipitously the distance of a hundred feet or more to the tracks of the Baltimore & Ohio Railroad, making the road a very dangerous one, especially when covered with ice and snow and other obstructions placed or suffered to remain therein by the defendant company contrary to the provisions of the order awarding said franchise. If the road was out of repair without the railing or barrier, the county court as well as the defendant company was required to put the barrier there as agreed, and the railroad company cannot justify its negligence in failing to build and maintain such barrier or in any other neglect of its obligation imposed in the conditions of its grant. Counsel cite many decisions from other states in support of this

proposition, which we do not regard it necessary to review in view of our own statute and decisions relating thereto.

We have examined the instructions submitted by the court to the jury. We think they substantially cover the only issues developed by the evidence. Instructions Nos. 1 and 3 given for the plaintiff substantially told the jury that it was the duty of the defendant to build and maintain a substantial guard rail as required by the order of the county court and that if they found it had failed to do so, and that but for such failure the plaintiff would not have sustained her injuries, they should find for the plaintiff and assess her damages at a sum not exceeding the amount sued for. One of the defendant's instructions given properly submitted to the jury the law of proximate cause, which under the evidence the jury manifestly decided in favor of the plaintiff; and under the evidence we cannot say that the verdict was contrary to either the law or the evidence.

On the question of excessive damages we cannot say the verdict was excessive. That plaintiff did not lose her life was miraculous. But she was severely and permanently injured. Her leg was broken between the hip and the knee, the bone protruding clear through the flesh. It did not unite well when set, and a new operation and re-setting of the bone was required. Her finger was also broken. She is unable to perform many of her household duties, and is obliged to employ help. The question of the amount of damages in such cases is largely a matter for jury decision, uncontrolable by the courts unless manifestly excessive.

Finding no reversible error, we are obliged to affirm the judgment.

*Affirmed.*