# CHARLESTON.

THOMAS V. WELLS v. COUNTY COURT OF MARION COUNTY.

Submitted February 17, 1920.    Decided March 2, 1920.

1. HIGHWAYS—*Duty to Guard Dangerous Places.*

   The law imposes upon a county court or other public authority in maintaining public roads and bridges, the duty to so guard all dangerous places by suitable railings or barriers as to render them reasonably safe for travel thereon by day or by night.    (p. 664).

2. SAME—*Test as to Contributory Negligence in Using Dangerous Highways.*

   The ordinary tests as to whether one using a dangerous or defective road or bridge has been guilty of contributory negligence, precluding recovery, is whether the evidence is so clear that a verdict in his favor should be set aside as unwarranted by the evidence.    (p. 665).

Error to Circuit Court, Marion County.

Action by Thomas V. Wells against the County Court of Marion County to recover for personal injuries. Judgment for defendant, a new trial was granted, and defendant brings error.

*Affirmed.*

*Walter R. Haggerty,* for plaintiff in error.
*Frank M. Powell,* for defendant in error.

MILLER, JUDGE:

On the trial of an action for personal injuries, at the conclusion of plaintiff's evidence, the court below, on motion of defendant, struck out the evidence and directed the jury to return a verdict for the defendant, which the jury did; and the court thereupon dismissed the suit and entered judgment of nil capiat for the defendant; but on a subsequent day of the same term, upon motion of plaintiff, the court set aside its previous judgment and the verdict of the jury, and awarded plaintiff a new trial. It is to this judgment awarding a new trial, pronounced February 20, 1919, that the present writ of error relates; and the only question presented for decision is

whether, on the pleadings and proofs, the court erred to the prejudice of defendant in the judgment complained of.

The negligence alleged and relied upon as the basis for plaintiff's action was the failure of defendant, as a means of rendering the public road reasonably safe for travel by day and by night, to put up and maintain at or near the wing walls and abutment of a certain bridge across Paw Paw Creek in Marion County either a light or guard rails along said walls, so as to give notice, warning and protection to plaintiff and other travelers on said road of the dangers incident to travel thereon.

The evidence shows that at the time of plaintiff's injuries the road leading to the bridge between the wing walls was filled practically to the top of the walls, and that the distance from the top of the walls to the ground opposite was some ten or twelve feet; that the plaintiff had lived for about two years a short distance from this bridge, on the opposite side from that on which he was injured; that he was injured in the night time as he was returning from Fairmont by the electric railway; that on reaching the station a short distance from the bridge, the night being rainy and very dark, he alighted from the car and struck a match as he approached the bridge to aid him in locating the bridge. Plaintiff swears that he proceeded with due care feeling with his feet the stones in front of the bridge, and mistook the stone on the wing wall for the stone at the mouth of the bridge, stepped off and fell below. He further stated that he had used the bridge a number of times during his residence in its vicinity, but had never observed the absence of guard rails on the wing walls. He admitted that if he had had occasion, he could have seen that no guard rails were maintained on the wing walls of the bridge, but that he had never had occasion to observe their absence. There was much other evidence of witnesses, among them the contractor who built the walls, as to the dangerous character of the approach to the bridge, due to the lack of guard rails. There is no pretense of any defect in the road or the approach to the bridge other than the absence of guard rails, nor of danger in travel over the same by day or by night except for the absence of those rails.

That it is the duty of the county court or other public au-

thority upon whom the law imposes the obligation to maintain suitable railings or barriers at such places when required for the safety of travelers using the public roads in the ordinary manner with due care on their part, is the established law of this state. *Pollock .v. Wheeling Traction Company,* 83 W. Va. 768, 99 S. E. 267; *Whittington* v. *County Court of Jefferson County,* 79 W. Va. 1; *Rohrbough* v. *Barbour County Court,* 39 W. Va. 472.

We do not understand counsel for defendant to contend that defendant was not negligent in failing to maintain railings or barriers on the walls at the bridge involved here. Their reliance is wholly on the theory of contributory negligence of the plaintiff; and counsel for both parties concur in the view that the action of the trial court· in directing a verdict in the first instance was predicated on the theory of such contributory negligence, justifying as a matter of law direction of the verdict. Manifestly, however, on the motion of plaintiff to set aside the verdict and grant him a new trial, the court came to a new conclusion and was of opinion that whether or not plaintiff was guilty of contributory negligence was a question of fact which should have been submitted to the jury; and we are of opinion that in this conclusion the court below was entirely correct and that the judgment awarding plaintiff a new trial should be affirmed.

As already indicated, there was much evidence of the dangerous condition of the approach to the bridge, due to the absence of suitable railings or barriers; and that it was dangerous in its then condition, particularly to travelers at night, can not be doubted.

Whether the plaintiff under the circumstances was guilty of contributory negligence is a question, of course, upon which this court can not now express an opinion. The only question presented to us is whether the plaintiff exercised due care, and that in the light of the facts and circumstances the contributory negligence of the plaintiff was so manifest and flagrant as to present a question of law for the court and not one of fact for the jury. We think it can not be said that the facts, though little controverted, present such a clear case of contributory negligence as to deprive plaintiff of his right to a verdict by

the jury thereon. The test is whether the evidence to establish contributory negligence is so clear that if the verdict of the jury should be in favor of plaintiff the court would be bound on principles of law to set it aside. Our cases hold, as applicable to the case at bar, that a traveler upon a public road or street has the right to presume, in the absence of knowledge to the contrary, that the road or street is in a safe condition for travel by day or by night. *Wilson* v. *City of Wheeling,* 19 W. Va. 323; *Yeager* v. *City of Bluefield,* 40 W. Va. 486; *Rohrbough* v. *Barbour County Court, supra.* Generally contributory negligence is defensive matter, and the burden is upon the defendant to show such contributory negligence unless the fact thereof clearly appears from plaintiff's evidence. When the evidence is not so certain that two minds could not reasonably differ thereon, the fact is one for the jury and not for the court. In *Shriver* v. *County Court of Marion County,* 66 W. Va. 685, the danger encountered was a mud hole in a public road, and two of the questions involved were: first, whether plaintiff could have chosen another and safer way; second, whether he was negligent in not getting off his wagon before attempting to drive through the mud hole and thus avoid being injured. We held in that case that where the evidence of contributory negligence was no stronger than in the case at bar, the questions presented were questions of fact for the jury. To the same effect is the holding in *Whittington* v. *County Court of Jefferson County, supra.* The fact much relied on and urged in support of defendant's theory of contributory negligence is that the plaintiff knew or was bound to know of the absence of the railings or barriers on the walls or abutments of the bridge, because of his use of the bridge and the fact that he had lived in close proximity thereto. As already stated plaintiff swore that he had not observed the absence of such railings or barriers, and it is not unreasonable to suppose that he had not done so. The road was otherwise safe, and few persons traveling thereon in the day time would note the absence of such railings or barriers; but whether so or not, we have laid it down as a general rule of law governing such cases that whether one has exercised such care, or knew or by the exercise of ordinary diligence could have known

of such defects, are questions of fact for the jury.  *Corbin ·v. City of Huntington,* 74 W. Va. 479.

It is unnecessary for us to review the numerous cases found in our books. It is sufficient to say, upon the authority of the cases cited, we think the judgment below is clearly right and ought to be affirmed.

*Affirmed.*