# CHARLESTON.

R. B. BLEVINS *v.* H. L. BAILEY & W. E. FRANKLIN *et als.*

(No. 5642)

Submitted October 19, 1926.   Decided October 26, 1926.

1.  TORTS—TRESPASS—*Where One of Several Persons Engaged in Lawful Mission Commits Tort, Not Directed or Countenanced by Others, Tort Feasor Alone is Responsible; When Officers Were Searching for Still and One Searched Plaintiff's Premises Without Warrant, Officers Not Engaged in Search Were Not Liable.*

    Where several persons are engaged in a lawful mission and one commits a tort, not directed or countenanced by the others, the tort feasor alone is responsible.   (p. 418.)

    (Torts, 38 Cyc. p. 484 [Anno]; Trespass, 38 Cyc. p. 1028.)

2.  TRIAL—

    An instruction should be simply framed and free from ambiguity.   (p. 420.)

    (Trial, 38 Cyc. pp. 1598, 1599.)

3.  DAMAGES—*Rule That, if Acts Complained of Are Malicious or Wanton, and in Reckless Disregard of Plaintiff's Rights, Exemplary Damages in Such Amount as, Taken Together With Actual Damages, Will Sufficiently Punish Defendant and Deter Others from Committing Like Offenses, May be Allowed, Should Not be Incorporated Verbatim in Charge.*

    The rule as to exemplary damages stated in point 2 of the syllabus in *McCoy* v. *Price,* 91 W. Va. 10, is not expressed with the simplicity required in instructions, and should therefore not be incorporated *verbatim* in a charge to the jury. (p. 420.)

    (Damages, 17 C. J. § 389.)

4.  TRESPASS—*Where it is Proved Trespass is Wilful, Wanton, or Malicious, Defendant is Subject to Exemplary Damages; Where Trespass is Wilful, Wanton, or Malicious, Jury May be Instructed, if Compensatory Damages do Not Adequately Punish Defendant, Amount May be Increased Until it Does, But if Compensatory Damages Are Sufficiently Punitive, no Other Amount Should be Added Thereto.*

    Where it is proven, in an action of tort, that the trespass is wilful, wanton or malicious, the defendant is subject to exemplary damages.   In such case the jury may be so informed and instructed that if the damages fixed by them as compensation for the plaintiff, do not, in their opinion, ade-

quately punish the defendant for the wrong committed, the
amount may be increased until it does so. But the jury should
be admonished that the defendant shall not be punished twice
for the same wrong; and if they consider the compensatory
damages as sufficiently punitive, no other amount should be
added thereto.   (p. 421.)

Trespass, 38 Cyc. pp. 1143, 1144.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of Syllabi.)

Error to Circuit Court, McDowell County.

Action by R. B. Blevins against H. L. Bailey and others.
Judgment for plaintiff, and defendants W. E. Franklin and
J. H. Payne bring error.

*Reversed; dismissed as to defendant Payne.*

*Harman & Howard,* for plaintiffs in error.

HATCHER, JUDGE:

This is an action of trespass on the case brought by R. B.
Blevins, plaintiff, against H. L. Bailey, A. J. Cline, W. E.
Franklin and J. H. Payne, defendants, to recover damages
for an alleged illegal search of the plaintiff's home.   A jury
of McDowell County awarded plaintiff a verdict of $2000.
against defendants Franklin and Payne, which was con-
firmed by the circuit court.

In March of 1925, defendants who were officers of the
law in McDowell County, made a raid on a moonshine still
which was located in the neighborhood where plaintiff lived.
On returning from the still Franklin and Payne stopped at
the Blevins home for the avowed purpose of having a talk
with plaintiff about the still, and of obtaining a drink of
water for Payne.   The other two officers were tired and
sat down in the road while Franklin and Payne were at the
house.

Plaintiff was not at home, but his wife, a son, and two
daughters were present.   There is no conflict of evidence
as to what Payne did at the house.   He engaged in conver-
sation with a married daughter of plaintiff in the yard, most
of which concerned her husband, for whom Payne had a

warrant. Then Payne asked for a drink of water, went to the kitchen where he procured the water, and later, upon the invitation or suggestion of some one of the family, he ate dinner. There is no legitimate evidence whatsoever, that Payne searched the house, or that he planned, counselled, or aided in the search.

The testimony is conflicting as to what Franklin said and did. Mrs. Blevins testified that Franklin stated "they" wanted to see if there was any whiskey about the house; that she requested him to exhibit a warrant, if his purpose was a search, and that Franklin then produced a paper which he said was a warrant issued by Squire Hagerman. Mrs. Blevins did not read the paper, but it was inspected by two of the Blevins children, one of whom testified that it called for the search of the premises of R. B. Blevins for liquor, etc. Franklin then searched the house and premises, assisted by Mrs. Blevins, but found no intoxicants.

Franklin, who was placed on the witness stand by plaintiff, said he had no search warrant and exhibited none; that he asked Mrs. Blevins if there was a still around there; that she said no, they could search the place, and insisted that he make a search, which he then did upon her invitation and with her help.

No evidence was offered on behalf of defendants. At the close of plaintiff's testimony, motions were made to strike out the evidence and direct verdicts for the several defendants. The motions in behalf of Bailey and Cline were sustained; those for Franklin and Payne were overruled.

After verdict, the defendants Franklin and Payne severally moved the court to set aside the verdict on the following grounds:

> "(a) Because said verdict against said defendants, Ed Franklin and J. H. Payne, *is contrary to the law and the evidence and not supported by the evidence.*
> (b) Because the Court, at the instance of the plaintiff and over the objection of the defendants, *improperly instructed the jury* and refused

to properly instruct the jury at the instance of the defendants.

(c)   Because the Court, over the objections of the defendants, *admitted improper evidence on behalf of the plaintiff.*

(d)   And for other reasons to be assigned at bar.''

The last two assignments are not specific; under the repeated decisions of the court they will therefore not be considered. See the cases collated in *Clark* v. *Kelly,* 101 W. Va. 650 (655).

(a)   The evidence favorable to plaintff is sufficient to sustain a recovery against Franklin. The law, as applied to Franklin by the instruction of the trial court will be discussed later.

Counsel for plaintiff seeks to justify the verdict against Payne on the theory that the four officers were wrongdoers; that they went "up there" together, with a common purpose, and while the actual search may have been conducted only by Franklin, that all of the defendants are responsible for what Franklin did. In his oral argument counsel referred us to the evidence in pages 89, 90 and 94 of the record. Those references, however, fail to support his theory. The evidence of defendant, Bailey, testifying for plaintiff, appears on page 89. He was asked, "Why was that search made?" He answered, "I could not say." On page 90 the following questions and answers of the same witness are recorded:

"Q.   Did you know what they were going for?
A.   My information was then that they were going over to see Mr. Blevins.
Q.   Going to see Mr. Blevins?
A.   Yes, sir.
Q.   What about?
A.   They wanted to see him about the still and talk to him.
Q.   And wanted to search his home?
A.   I am not positive that was mentioned.''

On page 94 is the testimony of defendant, Franklin, called as a witness for the plaintiff. In answer to a question as to the purpose of the trip, he stated, "A party of us went up to take a moonshine still that was reported up there". Franklin subsequently testified that the purpose of his visit to the Blevins home "Was to have a talk with them". He also stated that nothing was said about a search before he went to the house and that he didn't go there for that purpose. There is no contradiction of the testimony of Bailey and Franklin on these matters and no evidence which in any way discredits that testimony.

The only purpose shown to have been common to all the officers, was to take the still. Raiding the still was a lawful enterprise. The only purpose shared by Franklin and Payne in going to plaintiff's home, according to the record, was to obtain information about the still. That object was also legitimate. There is a total lack of evidence tending to show an intention common to Franklin and Payne to do a wrongful act. The intention in such case must be proven, and cannot be presumed. *Richardson* v. *Emerson*, (Wis.) 62 Am. Dec. 694. Payne is therefore not responsible if Franklin, on his own initiative, conceived and committed the trespass of which plaintiff's witnesses accuse him. "Where several persons are engaged in the accomplishment of a lawful object, if one or more shall become a tort-feasor, even with a view to aid such purpose, the others, who neither direct nor countenance such tortious acts, are not liable". *Richardson* v. *Emerson, supra* (695).

The proof failing as to Payne he was entitled to have this case dismissed as to him. 11 Ency. Pl. and Pr. 852.

At common law and under the decision of *Tracy* v. *Cloyd,* 10 W. Va. 19, a vacation of the judgment as to Payne would carry with it a reversal also as to Franklin. But we departed from that rule in *Pence* v. *Bryant,* 73 W. Va. 126, where this court after reviewing a number of cases, adopted the modern view that no legal reason exists why a new trial may not be granted to one defendant and denied to another.

See the several annotations to *Sparrow* v. *Bromage* (Conn.) 19 A. and E. Ann. 796 (798) and 27 L. R. A. N. S. 209.

(b)   Counsel for Franklin, however, charge special prejudice to their client in the giving of plaintiff's instruction No. 2, which is as follows:

> "And the Court further instructs you that if you believe that the searching of the plaintiff's home was done by the said defendants, Franklin and Payne, maliciously or wantonly and in reckless disregard of the plaintiff's rights, they may allow exemplary damages for such amount as taken together with the actual damages will be sufficient to punish the said defendants and deter others from committing like offenses."

Several objections to this instruction are apparent. It does not require the belief of the jury to be based on the evidence; it assumes that Payne took part in the search, and it is liable to mislead. Counsel for plaintiff seek to justify the instruction by *McCoy* v. *Price*, 91 W. Va. 10, and other decisions of this court holding that the above statement as to the allowance of exemplary damages is "a correct rule". Criticism is not directed at the rule, but at the involved manner in which it is expressed. The rule is correct if properly construed. Its very need of construction, however, makes it objectionable in a charge to the jury. An instruction should be so simply prepared that the mind of the average juror, untrained in legal distinctions, can readily grasp it. This instruction does not comply with that requirement. Its meaning to the ordinary juror would be that the actual damages suffered by the plaintiff were not sufficient to punish the defendants, but that an additional allowance would be necessary for that purpose. The rule announced in *McCoy* v. *Price* was evidently not framed for use before juries. In point 4 of the syllabus in *Goodman* v. *Klein*, 87 W. Va. 292, the rule as to such damages is much more simply expressed, having been prepared for adaptation to instructions. Another case in which the expression of this rule is notable for its simplicity is, *Claiborne* v. *Ry.*

*Co.,* 46 W. Va. 363 (367). The sum allowed by the jury under the authority of this instruction, may contain three items: (a) the amount awarded for actual damages, (b) an amount allowed to punish Franklin, and (c) an amount allowed to punish Payne. Under any theory of the case Franklin should not pay for Payne's punishment. Consequently the strictures on this instruction by Franklin are not merely academic, but present grounds of actual prejudice to him.

The judgment of the lower court will therefore be reversed as to both Franklin and Payne, and the case will be dismissed as to Payne.

*Reversed; dismissed as to defendant Payne.*