CHARLES J. SCHUCK, Judge.
The claimant, Charles Golden Fry, while returning to his home about ten o’clock at night on the 9th day of April 1940, from the town of East Lynn in Wayne county, and along state route No. 37, was injured by stepping off or falling over an abutment from eighteen to twenty feet high, forming part of the approach to a certain bridge on the said route 37, and crossing what is known as Little Lynn creek. The claimant sustained a compound fracture of his jaw, lost some twelve to fifteen teeth, was in the hospital about ten days, and at the present time has trouble in masticating his food.
*49 It appears from the evidence that the road leading to the approach of the bridge in question makes a decided bend or turn shortly before the traveler thereon reaches the said approach, and that if one is not acquainted with this situation and would continue straight along the said road, he would come to the place where the claimant fell off, as the traveler must make the bend or turn in the road to properly approach the bridge. Claimant had lived in that vicinity for several years and knew the condition that existed; he knew that there were no barriers or guardrails at the place in question where the accident happened, notwithstanding its dangerous condition. In fact, his own father, several years before, had fallen off the same abutment at almost the same place and been killed. In view of this situation and his knowledge of the attendant conditions, the state, among other defenses, charges the claimant with contributory negligence and asks that no award be made to him.
The evidence shows that the night was dark, that the claimant had been to the town of East Lynn earlier in the evening, and had remained at a tavern or saloon until shortly before ten o’clock, when he started home. The evidence further shows that there was no other way for him to return to his home except by the road and bridge in question, and that according to his own testimony he had used precaution in approaching the said bridge by walking slowly and feeling his way with his feet as best he could. He had no lights of any kind, nor did he take any precaution to obtain a lantern or flashlight in his endeavor to find his way home over the said bridge and road. That the place where he fell was highly dangerous to the traveling public, there can be no question; in fact, the pictures of the scene of the accident introduced in evidence show conclusively the highly dangerous condition of the approach to the bridge, and fully establish the fact that the state road had not discharged its duty to the traveling public when it failed to construct and erect barriers or guardrails at the place in question.
Previous to the year 1933, when by virtue of the act passed by the Legislature, the state road commission took over the care and control of all primary and secondary roads in the state, *50 the several counties had imposed upon them the legal obligation of making these roads reasonably safe for travel thereon both by day and by night. In the case of Wells v. County Court of Marion County, 85 W. Va. 663, 102 S. E. 472, and which was a case almost on “all fours” with the instant case, the court held
“The law imposes upon a county court or other public authority in maintaining public roads and bridges the duty to so guard all dangerous places by suitable railings or barriers as to render them reasonably safe for travel thereon by day or night.”
In assuming control and authority over these roads, and including, of course, the one involved here, the state road commission must necessarily be charged with a duty equal or tantamount to that which was heretofore imposed upon the several counties, and consequently must of necessity guard all dangerous places on the highways by suitable railings or barriers so as to render travel thereon reaonably safe both by day or by night. Reason and justice, equity and good conscience require us to put this charge upon the road commission, and we do so accordingly.
Thq question now arises as to whether or not the claimant can be charged with contributory negligence, and, if so, in what degree.
It is true that he knew about the dangerous situation on the road and at the approach to the bridge; that there was a turn in the road close to the said approach; that his father had been killed at about the same point; that he had lived in that vicinity for several years previous to the time of the accident, and th&„ he was fully acquainted with the danger incident tu die use of the road, especially in the nighttime. He had gone to the town of East Lynn to learn whether or not he was expected to work in the mine the next day. He could only travel by the road in question. Surely there was nothing illegal in these acts, and it must be assumed that up to the time that claimant started his homeward journey, he was entirely within his legal rights in all of his acts and movements that evening. The question of *51 any negligence is somewhat involved, since it can be assumed that some men, under the circumstances, would have provided themselves with a lantern or a light of some kind in making the return journey. In this regard, however, we hold that the claimant could not have been guilty of contributory negligence in not exercising the same judgment that some other traveler would have done, but if so guilty, such negligence could only be considered in making a reduction in the award that may be found just and equitable under all the circumstances. If the contributory negligence relied on is such as to confuse the minds of men and cause them to reasonably differ, then it is a question which must be considered in connection with all of the circumstances surrounding the injuries; and where claimant may not be entirely free from making contribution to his injuries, and where he may be charged with not exercising the degree of care and caution that some other traveler would exercise under the same conditions, these circumstances should be taken into consideration in making an award. In the instant case, claimant suffered a compound fracture of his jaw, the loss of ten or twelve teeth, confinement in a hospital for about ten days, and from his own testimony still suffers from his injuries by reason of his inability to properly masticate his food. All doctors’ bills and hospital charges have been paid by the relief agencies and, consequently, cannot enter into the matter of an award by this court.
We are of the opinion that under all the circumstances, considering again the highly dangerous place at which the accident happened, and at which place barriers or guardrails should have been constructed to protect the traveler, especially so at night, and in view of the fact that if there was any contributory negligence on the part of the claimant, it was reduced to a minimum, that there should be an award of nine hundred dollars ($900.00), and we recommend that an appropriation accordingly be made by the Legislature, and the amount in question paid to claimant upon the execution of a full and complete release to the state and the state road commission for all damages of every kind occasioned by'reason of the accident in question.