JAMES CANN, Judge.
Claimant. Rosa Webb Freeman prosecutes this ■■ laim against the state road -commission of West Virginia for injuries received while a passenger in an. automobile owned and operated by her son, Arnold Webb, whi< h b'-obc through an opening or rotten flooring of a slab' owned .bridge. On die morning of July 20, 1948, at about one o’clock, while the automobile in which claimant was riding was proceeding towards Charleston from BumweiJ il fell or broke through a bridge known as the Burnv/el! bridge, located on West Virginia secondary route NO. 83. at Bumwt.ll, West Virginia; the right wheel of the automobile fell or broke through the rotten boards, which at the time constituted the roadway of said bridge, causing considerable damage to the said automobile and injuring the claimant. -
At the hearing of this case the evidence revealed that the state road commission began repairs to correct the condition *91 of the above mentioned bridge sometime in December, 1947, and continued off and on until the tenth day of July, 1948, when- work was stopped; and the claims agent for the state road commission testified “Exactly why the work was stopped at that time, I have not been able to find out.” (Record 2, page 19). During the above mentioned time considerable repairs were made to said bridge but only half of the flooring had been completed when work was stopped, and further work to complete all the necessary repairs to said bridge was not begun until the 26th day of July, 1948, six days after the occurrence of the accident mentioned in this case. During the period between the 10th day of July, 1948 and the 26th day of July, 1948, the said bridge was open to the travelling public, in spite of the fact that only one-half of the flooring was completed, and as to the condition of the other half, the court was given a very good picture from á photograph introduced as part of the evidence in. this case. The photograph showed several large holes in the unfinished portion of the bridge floor and its general appearance indicated a dangerous condition in need of immediate repairs. During the time that work was stopped as above mentioned, immediately prior to the time of the accident complained of in this case, the public was permitted to travel over said bridge without any apparent protection. Nothing in the record indicates that the holes above mentioned were covered up or that the unfinished half of the bridge flooring was strengthened or made safe for the travelling public; and further, the record shows that no warning signs of danger were posted. (Record 1, page 18).
It is expressly provided by statute, West Virginia code title 17,'art. 4, sec. 33:- ■ • •
“The Commissioner shall inspect all bridges upon the state roads. If any bridge is found to be unsafe, the Commissioner shall promptly condemn, close and repair it.”
In the case of Wells v. Marion County Court, 102 S. E. 472, it is held in point 1 of the syllabi:
*92 “The law imposes upon a County Court or other public authority in maintaining public roads and bridges the duty to so guard all dangerous places by suitable railings or barriers as to render them reasonably safe for travel therein by day or night.”
In the case of Farr v. Keller Lumber and Construction Co., 144 S. E. 881. the court held:
“We are committed to the view that a statutory disregard constitutes ‘actionable negligence’ or. ‘prima facie negligence’ when it is the natural and proximate cause, of the injury.”
In the case of Norman v. Virginia-Pocahontas Coal Co., 69 S. E. 857, it is held in point 2 of the syllabi:
“The violation of the statute- is rightly considered the proximate cause of an injury which is a natural, prob- . able and anticipated consequence of the nonobservance.”
This court has held in different cases, particularly in the case of Saunders v. State Road Commission, 4 Ct. Claims (W. Va.) 143.
“The statute requiring inspection and proper maintenance of bridges controlled by the state road commission is mandatory, and failure to inspect and. keep in repair a bridge so controlled and maintained is ; negligence, ‘making the state liable in case of accident, if caused by such, negligence.”
Considering the' evidence offered before us -in this case, and in view of the established law of this state, we therefore conclude that th state road commission was negligent in its failure to keep in proper repair the bridge in question, and that said negligence was the proximate cause of the accident causing the injuries sustained by the claimant.
We come now to the question of the extent of claimant’s personal injuries in this matter. Claimant testified at great *93 length as to her injuries and the amount of money necessarily expended in connection therewith. At the later hearing of this case, had on the 14th day of October, 1949, two reputable physicians, who treated claimant for her alleged injuries after the accident herein mentioned, testified before us. Dr. Marion Fisher Jarrett testified that he examined claimant on the 9th day of September, 1948, at the request of Ralph Smith, the then attorney for claimant, and in answer to a question by W. Bryan Spillers, Assistant Attorney General, Dr. Jarrett said:
“On the 9th day of September, I did' not find any evidence on physical examination that would indicate to me that the patient had an accident.” (Record 2, page 8).
Dr. Joseph P. Seltzer testified that he saw and examined claimant on the 29th day of July, 1948; on the 2nd day of August, 1948; on the 9th day of August, 1948, and on the 13th day of August 1948. The doctor was asked the following question by Mr. Spillers and he made the following answer:
“Q. Dr. Seltzer could you attribute any examinations made by x-ray or otherwise a condition, disability or partial disability resulting from the accident on July 20, 1948.
A. No, No I couldn’t.” (Record 2, page 16).
So, to us it is evident that the claimant’s injuries received in connection with the accident herein mentioned were not as severe and numerous as she had testified; but we are not unmindful of the fact that claimant was put to some expense in having the various medical examinations herein mentioned, and, further, that no doubt she was somewhat shaken up and suffered some shock when the automobile in which she was a passenger fell through the bridge in question, and therefore we are of the opinion that an award should be made in this case.
Accordingly, an award of one hundred dollars ($100.00) is hereby made to claimant.