ADA P. NESTER

*v.*

UNITED FOUNDATION CORPORATION AND TOWN OF RIDGELEY

(CC 785)

Submitted September 25, 1951. Decided November 13, 1951.

*No appearance* for plaintiff.

*Martin & Seibert, Clarence E. Martin, Jr.,* for defendant.

GIVEN, JUDGE:

Ada P. Nester instituted her action of trespass on the case against United Foundation Corporation and the Town of Ridgeley, a municipal corporation, in the Circuit Court of Mineral County, claiming damages for personal injuries alleged to have resulted from negligence of defendants in failing to provide or maintain a temporary way or detour around an obstruction in Ridgeley Street. No appearance was made by the town in the lower court or in this Court. The trial court overruled a demurrer to the declaration filed by United Foundation Corporation and, on its own motion, certified to this Court the following questions:

"1. Does the United Foundation Corporation, under the related circumstances, owe a duty to the public to maintain a detour in safe condition and must it be properly lighted for night travel when it is employed upon a certain Flood Control Project sponsored by the United States of America, and while working in a Municipality it makes certain excavations resulting in the impassibility of certain streets therein, such detour being necessary for the use of pedestrians and others and in making use thereof a pedestrian is injured when she falls into an unlighted hole?

"2. Does the declaration allege sufficient facts to constitute a basis for the duty of the United Foundation Corporation to establish a detour around the excavation described in the declaration?"

The declaration alleges that the United Foundation Corporation was engaged, as contractor, in making certain excavations in Ridgeley Street, within the Town of Ridgeley, with permission of the town, in connection with a flood control project sponsored by the City of Cumberland, Maryland, and the United States of America; that in making the excavation the contractor obstructed Ridgeley Street, within the corporate limits of the town, so as to prevent pedestrians from traveling over a portion of the same; that it was the duty of defendants "to

put, and keep that part of said common street that was within the corporate limits of said town of Ridgeley in good order and repair, and in the event of any detour for the use of pedestrians to maintain said detour in orderly repair and condition. * * * and to keep said detour lighted at night * * *." Other material allegations of the declaration are in this language: "* * * Yet the said defendants, well knowing the premises heretofore, on the —— day of May, 1950, and for a long time previous thereto, at. the County and Town aforesaid, wrongfully and injuriously permitted that part of said detour aforesaid in the corporate limits of said town, to become and remain in bad order and condition and out of repair, in this, that at the place and where said detour for the use of pedestrians was maintained to the west of the Western Maryland Railway crossing and near the Hutton property within said town and for a distance of about —— feet, the said defendants wholly failed to construct, provide or maintain a proper way for foot travelers to pass along, over or upon the said public detour, but then and there permitted the said public detour, upon which pedestrians, when passing along or over said detour, were necessitated to travel, to be and remain uneven, sideling, muddy, rocky, slippery, and defendants suffered and permitted a deep mud hole to then and there remain in said way and without said way being properly lighted or illuminated, used by persons traveling on foot as aforesaid, and it became and was the duty of the defendants to have provided a safe way for the use of said detour by the public and this plaintiff but in this they and each of them wholly failed by permitting a hole to be therein and by failing to keep the same properly lighted and illuminated in the night time at which time the plaintiff using said detour and had the right along with other citizens to use same and at which time this plaintiff was using all due care and caution, and by means whereof afterwards, to-wit, on the day and year aforesaid, at the County and Town aforesaid, the said plaintiff then and there lawfully walking, going and passing in, upon and along the said public detour, on the sideling, muddy,.

slippery and rocky place as aforesaid when the same was not lighted or illuminated and in the nighttime, slipped, stumbled, and fell down into the said mud hole within said detour with great violence, and then and there was greatly injured, * * *."

The errors assigned to the action of the trial court in overruling the demurrer of the contractor are: "(1) That there are no facts alleged in the declaration upon which any duty of the above named defendant to maintain a detour could be based. (2) That there was no duty upon the facts set forth in the declaration, upon the defendant to maintain a public way, either by detour or otherwise. (3) That this defendant was under no obligation to the plaintiff to provide or maintain a detour around the excavation set forth in the declaration. (4) And for other errors apparent upon the face thereof."

The controlling question for the Court relates to the sufficiency of the allegations of the declaration, as such allegations relate to the duty of the contractor to provide or maintain a temporary way or detour around the obstruction within Ridgeley Street resulting from the excavation. It may be noted that the allegations do not disclose that the contractor constructed or provided the detour alleged to exist or that it, at any time, did anything toward the maintenance thereof. Nor do the allegations disclose whether the detour was over private property adjacent to Ridgeley Street, or within or over some part of the street. Nor is it alleged that the contractor had agreed with the town to construct or maintain any detour in the event of the obstruction of the street by the contractor. Apparently the position of plaintiff is that the town, being charged with the duty of keeping its streets in proper repair, was under a further duty to provide or maintain a temporary way or detour around the obstruction, and that the contractor, in making the excavation, with permission of the town, is necessarily charged with the same duty. There is no contention here that the town or the contractor did not provide ample warning as to the existence of the obstruc-

tion. The plaintiff, having avoided the obstruction by following the detour, must be presumed to have had notice of the existence of the obstruction.

A municipal corporation is charged with the absolute duty to keep and maintain its streets in reasonably safe condition for use by the public. *Rich* v. *Rosenshine*, 131 W. Va. 30, 45 S. E. 2d 499; *Baker* v. *Wheeling*, 117 W. Va. 362, 185 S. E. 842; *Garr* v. *McMechen*, 86 W. Va. 594, 104 S. E. 101; *Johnson* v. *Huntington*, 80 W. Va. 178, 92 S. E. 344, 11 L. R. A. 1337 *Stanton* v. *Parkersburg*, 66 W. Va. 393, 66 S. E. 514; *Arthur* v. *Charleston*, 51 W. Va. 132, 41 S. E. 171. A municipality may, however, authorize temporary obstruction of its streets for such purposes as repair or improvement thereof, or the construction or repair of improvements on adjacent properties. *Post* v. *Clarksburg*, 74 W. Va. 48, 81 S. E. 562, 52 L. R. A. (N.S.) 773; *Arthur* v. *Charleston, supra*. Such obstructions constitute lawful use of the street. *Johnson* v. *Huntington, supra; Post* v. *Clarksburg, supra*. It is the duty of the municipality or the contractor, or owner of adjacent property, however, to give warning to the users of the street of the existence of the obstruction. *Johnson* v. *Huntington, supra; Arthur* v. *Charleston, supra*. Notwithstanding the duty to warn of the obstruction may have been violated, one can not recover damages for injuries resulting proximately from his own negligence. *Fields* v. *Spencer*, 111 W. Va. 355, 161 S. E. 613; *Williams* v. *Coal Co.*, 83 W. Va. 464, 98 S. E. 511; *Slaughter* v. *Huntington*, 64 W. Va. 237, 61 S. E. 155; *Hesser* v. *Grafton*, 33 W. Va. 548, 11 S. E. 211; *Wilson* v. *Wheeling*, 19 W. Va. 323, 42 Am. Rep. 780.

We find no authority, however, justifying the conclusion that in addition to the duty of such a contractor to warn of the existence of the obstruction by lights, barriers or other appropriate means, there also exists the further duty to provide or maintain a temporary way or detour around the obstruction. We think, in the circumstances alleged, no such duty was imposed upon the defendant contractor. In none of the authorities cited do

we find any further duty imposed upon such contractor than to warn of the existence of the obstruction. In some instances, at least, the providing of a temporary way or detour would be impossible of performance, as where a street is completely obstructed between buildings or other improvements on adjacent properties, or where no way can be obtained over private property. In many circumstances the costs of providing such a way or detour would be prohibitive, preventing or delaying needed repairs or improvements of the streets. In practically every case the costs of such repairs or improvements would be increased, at public expense. In such circumstances public necessity requires that no such duty be invariably imposed upon the contractor. Individual inconvenience of the traveler must give way to public convenience and necessity.

It is contended, however, that since the declaration alleges that it was "the duty of said defendants to maintain said detour in a safe condition and in proper repair and keep said detour lighted at night * * *", the duty is sufficiently shown. Such allegations, however, are mere conclusions, and are not sufficient to establish the existence of the duty. Facts showing the existence of the duty must be alleged. See *Smith* v. *Coal Co.*, 92 W. Va. 253, 115 S. E. 477; *Wilson* v. *Timber Co.*, 70 W. Va. 602, 74 S. E. 870; *Iron Co.* v. *Quesenberry*, 50 W. Va. 451, 40 S. E. 487.

In reaching the conclusion that no invariable duty is imposed upon such contractor, we have not failed to consider the holding in *Sheff* v. *Huntington*, 16 W. Va. 307, Point 2, syllabus, relating to a municipal corporation, that: "In such a case it is not necessary to allege and prove that the corporation knowingly and negligently permitted the road or street to get out of repair." *Arthur* v. *Charleston, supra; Michaelson* v. *Charleston*, 71 W. Va. 35, 75 S. E. 151. The absolute duty of a municipality extends only to public streets or ways. *Haney* v. *Rainelle*, 125 W. Va. 397, 25 S. E. 2d 207; *Biggs* v. *Huntington*, 32 W. Va. 55, 9 S. E. 51. The liability of the contractor in

connection with such an obstruction is not necessarily the same as that of the municipality. See *Blevins* v. *Bailey,* 102 W. Va. 415, 135 S. E. 395; *Johnson* v. *Huntington, supra; Hendrickson* v. *Brooks,* 40 N. M. 50, 53 P. 2d 646; *Romney* v. *Lynch,* 58 Utah 479, 199 P. 974.

We need not decide now, under the present allegations of the declaration, whether a duty on the part of such a contractor may arise by virtue of a contract, express or implied. Nor should we now decide whether such a duty may arise under different or other special circumstances, as where an obstruction may be expected to be continued for a considerable period of time, resulting in special damages to or destruction of properties, a business, or valuable rights, or where there exists a general or well recognized custom of providing or maintaining such a detour by such contractor. See *Pollock* v. *Traction Co.,* 83 W. Va. 768, 99 S. E. 267; *Thompson* v. *Mobile,* 240 Ala. 523, 199 So. 862; *Wright* v. *Tudor City Twelfth Unit,* 276 N. Y. 303, 12 N. E. 2d 307, 115 A. L. R. 962; *Myers* v. *City of Louisville,* 274 Ky. 764, 120 S. W. 2d 221, 119 A. L. R. 837.

We hold, therefore, that the demurrer of the United Foundation Corporation should have been sustained by the trial court, with leave unto the plaintiff to amend, if she be so advised. The questions certified are answered in the negative, and the rulings of the trial court are reversed.

*Rulings reversed.*